ROBERT P. DOTY (STATE BAR NO. 148069)
STUART I. BLOCK (STATE BAR NO. 160688)
R. CHAD HALES (STATE BAR NO. 217488)
SCOTT J. LICHTIG (STATE BAR NO. 243520)
COX, CASTLE & NICHOLSON LLP
555 California Street; 10th Floor
San Francisco, CA  94104-1513
Telephone:  (415) 392-4200
Facsimile:  (415) 392-4250
rdoty@coxcastle.com

Attorneys for Defendant,
City of Sausalito

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>CITY OF SAUSALITO, and DOES 1-10, Inclusive,<br><br>           Defendant. | Case No. 3:08-CV-01966-SC<br><br>**ANSWER OF CITY OF SAUSALITO TO COMPLAINT FILED BY NORTHERN CALIFORNIA RIVER WATCH** |

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

99999\124015v6

- 1 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

Defendant CITY OF SAUSALITO ("City" or "Defendant") hereby answers the Complaint For Injunctive Relief, Civil Penalties, Restitution and Remediation ("Complaint") filed by Plaintiff NORTHERN CALIFORNIA RIVER WATCH ("River Watch" or "Plaintiff") as follows:

**ANSWER**

**I. <u>NATURE OF THE CASE</u>**

1.  In response to Paragraph 1 of the Complaint the City admits the existence of the Clean Water Act ("CWA"), which speaks for itself; to the extent any allegations in Paragraph 1 are inconsistent with the CWA, the City denies such allegations. The City further admits the existence of the document attached as Exhibit A to the Complaint, which speaks for itself; to the extent any allegations in Paragraph 1 are inconsistent with this document, the City denies such allegations. The City affirmatively alleges that, to the extent the Complaint raises any issue regarding the City's compliance with the CWA, the City had, prior to the Complaint, already initiated discussions with the U.S. Environmental Protection Agency ("EPA") regarding the City's compliance with the CWA, both prior to and in response to the EPA's "Finding s of Violation and Order For Compliance," Docket No. CWA-309(a)-08-031, dated on or about April 10, 2008 (hereinafter the "EPA Order"). The City further alleges that, in light of the EPA Order and the City's ongoing discussions with the EPA, the Complaint is superfluous, duplicative, unnecessary and wasteful of the parties' and the Court's resources. The City denies each and every remaining allegation in Paragraph 1 that is not expressly admitted.

2.  In response to Paragraph 2 of the Complaint, the City responds that the allegations therein violate Federal Rule of Civil Procedure ("FRCP") Rules 8(a) and 10(b) in that Paragraph 2 fails to contain a "a short and plain statement of the claim showing that the pleader is entitled to relief" and fails to list its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

In response to the first paragraph [2:3-9] of Paragraph 2 of the Complaint: (1) the City admits that it does not have an NPDES permit for its sewage collection system and specifically alleges that it is not required to have an NPDES permit; (2) the City admits the existence of the CWA, which speaks for itself; (3) the City admits that it operates sewage pipelines that connect

LAW OFFICES OF
**COX, CASTLE & NICHOLSON LLP**
SAN FRANCISCO

99999\124015v6

- 2 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

1  to a publicly owned treatment works facility ("POTW"); and (4) the City lacks the knowledge or
2  information sufficient to form a belief as to the truth of the remaining allegations in the first paragraph
3  of Paragraph 2 of the Complaint and on that basis denies each and every remaining allegation that is
4  not expressly admitted.  To the extent any allegations in the first paragraph of Paragraph 2 are
5  inconsistent with the CWA, the City denies each and every such allegation

6  In response to the second paragraph [2:10-23] of Paragraph 2 of the Complaint:
7  (1) the City admits that it collects residential and commercial sewage in sewage pipelines that convey
8  sewage and connect to other pipes that connect to a POTW; (2) the City admits that residential and
9  commercial sewage collected in its pipelines is pumped the treatment plant in the City of Sausalito
10 operated by the Sausalito-Marin City Sanitary District ("SMCSD"); (3) the City admits the existence
11 of 40 C.F.R. § 122.41(m)(4)(1), which speaks for itself; to the extent any allegations in the second
12 paragraph of Paragraph 2 are inconsistent with that regulation, the City denies such allegations; and
13 (4) the City lacks the knowledge or information sufficient to form a belief as to the truth of the
14 remaining allegations in the second paragraph of Paragraph 2 of the Complaint and on that basis
15 denies each and every remaining allegation that is not expressly admitted.

16 In response to the third paragraph [2:24-25] of Paragraph 2 of the Complaint:
17 (1) the City admits the existence of the CWA, which speaks for itself; to the extent any allegations in
18 Paragraph 2 are inconsistent with the CWA, the City denies such allegations; (2) the City admits that it
19 does not have an NPDES permit for its sewage collection system, and specifically alleges that it is not
20 required to have an NPDES permit; and (3) the City denies each and every remaining allegation in the
21 third paragraph of Paragraph 2 of the Complaint that is not expressly admitted.

22  3.  In response to Paragraph 3 of the Complaint, the City admits the existence of
23 EPA regulations codified in the Code of Federal Regulations, which speak for themselves; to the
24 extent any allegations in the Complaint are inconsistent with such regulations, the City denies such
25 allegations.  The City further admits the existence of the document attached to the Complaint as
26 Exhibit A, which speaks for itself; to the extent any allegations in Paragraph 3 are inconsistent with
27 this document, the City denies such allegations.  The City denies each and every remaining allegation
28 in Paragraph 3 that is not expressly admitted.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

99999\124015v6                                    - 3 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

4. In response to Paragraph 4 of the Complaint, the City admits the existence of 33 U.S.C. § 1251(e), which speaks for itself; to the extent any allegations in the Complaint are inconsistent with this statute, the City denies such allegations.

5. In response to Paragraph 5 of the Complaint, the City admits the existence of the California Environmental Protection Agency and the EPA. The City lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and on that basis denies each and every remaining allegation that is not expressly admitted.

6. In response to Paragraph 6 of the Complaint, the City admits the existence of the Resource Conservation and Recovery Act ("RCRA"), which speaks for itself; to the extent any allegations in the Complaint are inconsistent with RCRA, the City denies such allegations. The City further admits the existence of the document attached as Exhibit B to the Complaint, which speaks for itself; to the extent any allegations in Paragraph 6 are inconsistent with Exhibit B, the City denies such allegations. The City denies each and every remaining allegation in Paragraph 6 of the Complaint that is not expressly admitted.

7. In response to Paragraph 7 of the Complaint, the City admits the existence of 42 U.S.C. § 6972(a)(1)(A), which speaks for itself; to the extent any allegations in Paragraph 7 are inconsistent with this statute, the City denies such allegations. The City denies each and every remaining allegation in Paragraph 7 that is not expressly admitted.

8. In response to Paragraph 8 of the Complaint, the City admits the existence of 42 U.S.C. § 6972(a)(1)(B), which speaks for itself; to the extent any allegations in Paragraph 8 are inconsistent with this statute, the City denies such allegations. The City denies each and every remaining allegation in Paragraph 8 that is not expressly admitted.

9. In response to Paragraph 9 of the Complaint, the City admits the existence of the CWA, which speaks for itself; to the extent any allegations in Paragraph 9 are inconsistent with the CWA, the City denies each and every such allegation. The City affirmatively alleges that, to the extent the Complaint raises any issue regarding the City's compliance with the CWA, the City had, prior to the Complaint, already initiated discussions with the EPA regarding the City's compliance with the CWA, before and in response to the EPA Order; the City further alleges that, in light of the

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO
99999\124015v6
- 4 -
ANSWER TO COMPLAINT
3:08-CV-01966-SC

1  EPA Order and the City's ongoing discussions with the EPA, the Complaint is superfluous,
2  duplicative, unnecessary and wasteful of the parties' and the Court's resources.  The City denies each
3  and every remaining allegation in Paragraph 9 that is not expressly admitted.

## II. PARTIES

5      10.    In response to Paragraph 10 of the Complaint, the City lacks the knowledge or
6  information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies each
7  and every allegation in Paragraph 10.

8      11.    In response to Paragraph 11 of the Complaint, the City lacks the knowledge or
9  information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies each
10  and every allegation in Paragraph 11.

11      12.    In response to Paragraph 12 of the Complaint, the City admits the existence of
12  California Government Code § 34000, et seq., which speaks for itself; to the extent any allegations in
13  Paragraph 12 are inconsistent with these provision, the City denies each and every such allegation.
14  The City further admits that (1) it is a is a General Law city incorporated in 1893; (2) it has a City
15  Council/City Manager form of government; and (3) its administrative offices are located at 420 Litho
16  Street, Sausalito, Marin County, California.

17      13.    In response to Paragraph 13 of the Complaint, the City lacks the knowledge or
18  information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies each
19  and every allegation in Paragraph 13.

## III. JURISDICTIONAL ALLEGATIONS

21      14.    In response to Paragraph 14 of the Complaint, the City admits the existence of
22  the CWA, which speaks for itself; to the extent any allegations in Paragraph 14 are inconsistent with
23  the CWA, the City denies each and every such allegation.  The City denies each and every remaining
24  allegation in Paragraph 14 that is not expressly admitted.

25      15.    In response to Paragraph 15 of the Complaint, the City admits the existence of
26  RCRA, which speaks for itself; to the extent any allegations in Paragraph 15 are inconsistent with
27  RCRA, the City denies each and every such allegation.  The City denies each and every remaining
28  allegation in Paragraph 15 that is not expressly admitted.

LAW OFFICES OF
**COX, CASTLE & NICHOLSON LLP**
SAN FRANCISCO

99999\124015v6

- 5 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

16. In response to Paragraph 16 of the Complaint, the City admits the existence of the CWA and RCRA, which speak for themselves; to the extent any allegations in Paragraph 16 are inconsistent with the CWA and/or RCRA, the City denies each and every such allegation. The City affirmatively alleges that, to the extent the Complaint raises any issue regarding the City's compliance with the CWA, the City had, prior to the Complaint, already initiated discussions with the EPA regarding the City's compliance with the CWA, both before and in response to the EPA Order; the City further alleges that, in light of the EPA Order and the City's ongoing discussions with the EPA, the Complaint is superfluous, duplicative, unnecessary and wasteful of the parties' and the Court's resources. The City denies that it has violated RCRA. The City lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and, on that basis, denies each and every remaining allegation in Paragraph 16 that is not expressly admitted.

17. In response to Paragraph 17 of the Complaint, the City admits the existence of the CWA, which speaks for itself; to the extent any allegations in Paragraph 17 are inconsistent with the CWA, the City denies each and every such allegation. The City further admits the existence of Exhibit A to the Complaint, which speaks for itself; to the extent any allegations Paragraph 17 are inconsistent with that document, the City denies each and every such allegation. The City lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and on that basis, denies each and every remaining allegation in Paragraph 17 that is not expressly admitted.

18. In response to Paragraph 18 of the Complaint, the City admits the existence of the CWA, which speaks for itself; to the extent any allegations Paragraph 18 are inconsistent with the CWA, the City denies each and every such allegation. The City lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations Paragraph 18, and, on that basis, denies each and every remaining allegation in Paragraph 18 that is not expressly admitted.

19. In response to Paragraph 19 of the Complaint, the City admits the existence of RCRA, which speaks for itself; to the extent any allegations in Paragraph 19 are inconsistent with RCRA, the City denies each and every such allegation. The City further admits the existence of the document attached as Exhibit B to the Complaint, which speaks for itself; to the extent any allegations

LAW OFFICES OF
**COX, CASTLE & NICHOLSON LLP**
SAN FRANCISCO

99999\124015v6

- 6 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

1  in Paragraph 19 are inconsistent with Exhibit B, the City denies each and every such allegation. The
2  City lacks the knowledge or information sufficient to form a belief as to the truth of the remaining
3  allegations in Paragraph 19 and, on that basis, denies each and every remaining allegation in
4  Paragraph 19 that is not expressly admitted.

5        20.    In response to Paragraph 20 of the Complaint, the City admits the existence of
6  the CWA, which speaks for itself; to the extent any allegations in Paragraph 20 are inconsistent with
7  the CWA, the City denies each and every such allegation. The City further admits that it operates
8  sewage pipelines that connect to other pipelines that connect to a POTW, which is operated by the
9  SMCSD. The City affirmatively alleges that, to the extent the Complaint raises any issue regarding
10 the City's compliance with the CWA, the City had, prior to the Complaint, already initiated
11 discussions with the EPA regarding the City's compliance with the CWA, both before and in response
12 to the EPA Order; the City further alleges that, in light of the EPA Order and the City's ongoing
13 discussions with the EPA, the Complaint is superfluous, duplicative, unnecessary and wasteful of the
14 parties' and the Court's resources. The City denies each and every remaining allegation in Paragraph
15 20 that is not expressly admitted.

16       21.    In response to Paragraph 21 of the Complaint, the City admits the existence of
17 RCRA, which speaks for itself; to the extent any allegations Paragraph 21 are inconsistent with
18 RCRA, the City denies each and every such allegation. The City further admits that it operates
19 sewage pipelines that connect to other pipelines that connect to a POTW, which is located within the
20 SMCSD. The City denies that it has violated RCRA. The City denies each and every remaining
21 allegation in Paragraph 21 that is not expressly admitted.

22       **IV.  GENERAL ALLEGATIONS**

23       22.    In response to Paragraph 22 of the Complaint, the City incorporates and re-
24 alleges Paragraphs 1 through 21 above as if fully set forth herein.

25       23.    In response to Paragraph 23 of the Complaint, the City admits that it operates
26 sewage pipelines that connect to other pipelines that connect to a POTW, and those pipelines collect
27 sewage from approximately 6,200 connections and service a population of approximately 7,454 in
28 southern Marin County. The City further admits that sewage collected from its pipelines is conveyed

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
SAN FRANCISCO

99999\124015v6

ANSWER TO COMPLAINT
3:08-CV-01966-SC

- 7 -

to a wastewater treatment plant operated by SMCSD. The City further responds that, to the extent the Complaint raises any issue regarding the City's compliance with the CWA, the City had, prior to the Complaint, already initiated discussions with the EPA regarding the City's compliance with the CWA, both before and in response to the EPA Order; the City further alleges that, in light of the EPA Order and the City's ongoing discussions with the EPA, the Complaint is superfluous, duplicative, unnecessary and wasteful of the parties' and the court's resources. The City denies each and every remaining allegation in Paragraph 23 that is not expressly admitted.

24. In response to Paragraph 24 of the Complaint, the City admits the existence of the CWA and RCRA, which speak for themselves; to the extent any allegations in Paragraph 24 are inconsistent with the CWA and/or RCRA, the City denies each and every such allegation. The City further admits the existence of the documents attached as Exhibits A and B to the Complaint, which speak for themselves; to the extent any allegations in Paragraph 24 are inconsistent with these documents, the City denies each and every such allegation. The City further responds that, to the extent the Complaint raises any issue regarding the City's compliance with the CWA, the City had, prior to the Complaint, already initiated discussions with the EPA regarding the City's compliance with the CWA, both before and in response to the EPA Order; the City further alleges that, in light of the EPA Order and the City's ongoing discussions with the EPA, the Complaint is superfluous, duplicative, unnecessary and wasteful of the parties' and the Court's resources. The City denies each and every remaining allegation in Paragraph 24 that is not expressly admitted.

25. In response to Paragraph 25 of the Complaint, the City admits the existence of Regional Water Quality Boards in that California has several Regional Water Quality Boards, and further admits, upon information and belief, that some or all of California's Regional Water Quality Boards may have determined that certain watershed areas and/or waterways are beneficially used for drinking water, water contact recreation, non-contact water recreation, fresh water habitat, wildlife habitat, preservation of rare and endangered species, fish migration, fish spawning, industrial service supply, navigation, and sport fishing. The City denies each and every remaining allegation in Paragraph 25 that is not expressly admitted.

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
SAN FRANCISCO

99999\124015v6

- 8 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

## V. STATUTORY AND REGULATORY BACKGROUND

26. In response to Paragraph 26 of the Complaint, the City admits the existence of the CWA, which speaks for itself; to the extent any allegations in Paragraph 26 are inconsistent with the CWA, the City denies each and every such allegation. The City further admits the existence of EPA regulations in the Federal Code of Regulations, which regulations speak for themselves; to the extent any allegations Paragraph 26 are inconsistent with such regulations, the City denies each and every such allegation. The City further responds that the allegations regarding the existence of a "Basin Plan," a "California Toxics Plan," the "Code of Federal Regulations" and "other regulations promulgated by the EPA and the State Water Resources Control Board" are non-specific, too general, and are not plain or clear so as to convey any allegation to which the City can respond, and on that basis, the City denies these allegations. The City denies each and every remaining allegation in Paragraph 26 that is not expressly admitted.

27. In response to Paragraph 27 of the Complaint, the City admits the existence of the CWA, which speaks for itself; to the extent any allegations in Paragraph 27 are inconsistent with the CWA, the City denies each and every such allegation. The City further admits the existence of the document that is attached to the Complaint as Exhibit A, which speaks for itself; to the extent any allegations in Paragraph 27 are inconsistent with that document, the City denies each and every such allegation. The City denies each and every remaining allegation in Paragraph 27 that is not expressly admitted.

28. In response to Paragraph 28 of the Complaint, the City admits the existence of the CWA, which speaks for itself; to the extent any allegations in Paragraph 28 are inconsistent with the CWA, the City denies each and every such allegation. The City lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, on that basis, denies each and every remaining allegation in Paragraph 28 that is not expressly admitted.

29. In response to the first sentence of Paragraph 29 of the Complaint, the City admits that it does not have an NPDES permit for its sewage collection system and specifically alleges that it is not required to have an NPDES permit for its sewage collection system. The City further

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
SAN FRANCISCO

99999\124015v6                              - 9 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

admits the existence of the CWA, which speaks for itself; to the extent any allegations in Paragraph 29 are inconsistent with the CWA, the City denies each and every such allegation. The City denies each and every remaining allegation in Paragraph 29 that is not expressly admitted.

30. In response Paragraph 30 of the Complaint, the City admits the existence of RCRA, which speaks for itself; to the extent any allegations in Paragraph 30 are inconsistent with RCRA, the City denies each and every such allegation. The City denies each and every remaining allegation in Paragraph 30 that is not expressly admitted.

31. In response to Paragraph 31 of the Complaint, the City admits the existence of RCRA, which speaks for itself; to the extent any allegations in Paragraph 31 are inconsistent with RCRA, the City denies each and every such allegation. The City denies each and every remaining allegation in Paragraph 31 that is not expressly admitted.

## VI. DEFENDANTS' VIOLATIONS

32. In response to Paragraph 32 of the Complaint, the City admits the existence of the CWA, which speaks for itself; to the extent any allegations in Paragraph 32 are inconsistent with the CWA, the City denies each and every such allegation. The City further admits the existence of the document attached as Exhibit A to the Complaint, which speaks for itself; to the extent any allegations in Paragraph 32 are inconsistent with that document, the City denies each and every such allegation. The City further admits that it has submitted documentation to the EPA and the Regional Water Control Board pursuant to State Water Resources Control Board Order No. 2006-0003-DWQ: *Statewide General Waste Discharge Requirements for Sanitary Sewer Systems*, which speaks for itself; to the extent any allegations in Paragraph 32 are inconsistent with this documentation, the City denies each and every such allegation. The City further responds that, to the extent the Complaint raises any issue regarding the City's compliance with the CWA, the City had, prior to the Complaint, already initiated discussions with the EPA regarding the City's compliance with the CWA, both before and in response to the EPA Order. The City further alleges that, in light of the EPA Order and the City's ongoing discussions with the EPA, the Complaint is superfluous, duplicative, unnecessary and wasteful of the parties' and the Court's resources. The City denies each and every remaining allegation in Paragraph 32 that is not expressly admitted.

LAW OFFICES OF
**COX, CASTLE & NICHOLSON LLP**
SAN FRANCISCO

99999\124015v6

- 10 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

1         33. In response to Paragraph 33 of the Complaint, the City admits the existence of the CWA, which speaks for itself; to the extent any allegations in Paragraph 33 are inconsistent with the CWA, the City denies each and every such allegation. The City further admits the existence of the document attached as Exhibit A to the Complaint, which speaks for itself; to the extent any allegations in Paragraph 33 are inconsistent with that document, the City denies each and every such allegation. The City further responds that, to the extent the Complaint raises any issue regarding the City's compliance with the CWA, the City had, prior to the Complaint, already initiated discussions with the EPA regarding the City's compliance with the CWA, both before and in response to the EPA Order. The City further alleges that, in light of the EPA Order and the City's ongoing discussions with the EPA, the Complaint is superfluous, duplicative, unnecessary and wasteful of the parties' and the Court's resources. The City denies each and every remaining allegation in Paragraph 33 that is not expressly admitted.

        34. In response to Paragraph 34 of the Complaint, the City admits the existence of the document attached as Exhibit A to the Complaint, which speaks for itself; to the extent any allegations in Paragraph 34 are inconsistent with that document, the City denies each and every such allegation. The City denies each and every remaining allegation in Paragraph 34 that is not expressly admitted.

        35. In response to Paragraph 35 of the Complaint, the City denies each and every allegation in Paragraph 35.

        36. In response to Paragraph 36 of the Complaint, the City denies each and every allegation in Paragraph 36.

        37. In response to Paragraph 37 of the Complaint, the City admits the existence of the document attached as Exhibit B to the Complaint, which speaks for itself; to the extent any allegations in Paragraph 37 are inconsistent with that document, the City denies each and every such allegation. The City denies each and every remaining allegation in Paragraph 37 that is not expressly admitted.

LAW OFFICES OF
**COX, CASTLE & NICHOLSON LLP**
SAN FRANCISCO

99999\124015v6

- 11 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

## VII. CLAIMS FOR RELIEF

### A.   FIRST CLAIM FOR RELIEF

38.   In response to Paragraph 38 of the Complaint, the City incorporates and re-alleges Paragraphs 1 through 37 above as if fully set forth herein.

39.   In response to Paragraph 39 of the Complaint, the City admits the existence of the CWA, which speaks for itself; to the extent any allegations in Paragraph 39 are inconsistent with the CWA, the City denies each and every such allegation. The City further responds that, to the extent the Complaint raises any issue regarding the City's compliance with the CWA, the City had, prior to the Complaint, already initiated discussions with the EPA regarding the City's compliance with the CWA, both before and in response to the EPA Order. The City further alleges that, in light of the EPA Order and the City's ongoing discussions with the EPA, the Complaint is superfluous, duplicative, unnecessary and wasteful of the parties' and the Court's resources. The City denies each and every remaining allegation in Paragraph 39 that is not expressly admitted.

40.   In response to Paragraph 40 of the Complaint, the City admits the existence of the CWA, which speaks for itself. To the extent any allegations in Paragraph 40 are inconsistent with the CWA, the City denies each and every such allegation. The City further admits that it has submitted documentation to the EPA and the Regional Water Control Board regarding the City's sewer lines, pursuant to State Water Resources Control Board Order No. 2006-0003-DWQ: *Statewide General Waste Discharge Requirements for Sanitary Sewer Systems*, which speaks for itself. To the extent any allegations in Paragraph 40 are inconsistent with this documentation, the City denies each and every such allegation. The City further responds that, to the extent the Complaint raises any issue regarding the City's compliance with the CWA, the City had, prior to the Complaint, already initiated discussions with the EPA regarding the City's compliance with the CWA, both before and in response to the EPA Order; the City further alleges that, in light of the EPA Order and the City's ongoing discussions with the EPA, the Complaint is superfluous, duplicative, unnecessary and wasteful of the parties' and the Court's resources. The City denies each and every remaining allegation in Paragraph 40 that is not expressly admitted.

41.   In response to Paragraph 41 of the Complaint, the City denies each and every

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

99999\124015v6

- 12 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

1  allegation in Paragraph 41 and further responds that to the extent the Complaint raises any issue
2  regarding the City's compliance with the CWA, the City had, prior to the Complaint, already initiated
3  discussions with the EPA regarding the City's compliance with the CWA, both before and in response
4  to the EPA Order.  The City further alleges that, in light of the EPA Order and the City's ongoing
5  discussions with the EPA, the Complaint is superfluous, duplicative, unnecessary and wasteful of the
6  parties' and the Court's resources.  The City denies each and every remaining allegation in Paragraph
7  41 that is not specifically admitted.

### B. SECOND CLAIM FOR RELIEF

9  42. In response to Paragraph 42 of the Complaint, the City incorporates and re-
10  alleges Paragraphs 1 through 41 above as if fully set forth herein.
11  43. In response to Paragraph 43 of the Complaint, the City admits the existence of
12  RCRA, which speaks for itself; to the extent any allegations Paragraph 43 are inconsistent with
13  RCRA, the City denies each and every such allegation.  The City denies each and every remaining
14  allegation in Paragraph 43 that is not expressly admitted.
15  44. In response to Paragraph 44 of the Complaint, the City denies the allegations.
16  45. In response to Paragraph 45 of the Complaint, the City denies the allegations.

### C. THIRD CLAIM FOR RELIEF

18  46. In response to Paragraph 46 of the Complaint, the City incorporates and re-
19  alleges Paragraphs 1 through 45 above as if fully set forth herein.
20  47. In response to Paragraph 47 of the Complaint, the City admits the existence of
21  RCRA, which speaks for itself; to the extent any allegations in Paragraph 47 are inconsistent with
22  RCRA, the City denies each and every such allegation.  The City denies each and every remaining
23  allegation in Paragraph 47 that is not expressly admitted.
24  48. In response to Paragraph 48 of the Complaint, the City admits that it operates
25  sewage pipelines that connect to pipes that in turn connect to a POTW.  The City denies each and
26  every remaining allegation in Paragraph 48 that is not expressly admitted.
27  49. In response to Paragraph 49 of the Complaint, the City denies the allegations.
28  50. In response to Paragraph 50 of the Complaint, the City denies the allegations.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO
99999\124015v6                                      - 13 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

51. In response to Paragraph 51 of the Complaint, the City denies the allegations.

52. In response to Paragraph 52 of the Complaint, the City denies the allegations.

## VIII. RELIEF REQUESTED

In response to the "Relief Requested," Paragraphs 53 through 62 of the Complaint, the City responds that these paragraphs do not contain allegations against the City and thus do not warrant a specific response; to the extent these paragraphs contain any allegations against the City, the City denies each and every such allegation. The City expressly denies that Plaintiff is entitled to any relief, and the City asserts that it is entitled to recover attorneys fees under the CWA and RCRA as Plaintiff's claim is entirely baseless and wholly lacks merit.

## IX. AFFIRMATIVE DEFENSES

As separate affirmative defenses to each and every cause of action in the Complaint, the City alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each cause of action and claim presented therein, fails to state facts constituting a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

The causes of action and claims asserted in the Complaint are barred by Plaintiff's failure to exhaust administrative remedies prior to initiating this litigation.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff has unreasonably delayed the commencement of this action to the prejudice of the City, whereby the Complaint, and each cause of action presented therein, is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Plaintiffs Lack Standing)

Plaintiff lacks standing to bring their claims.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

99999\124015v6

ANSWER TO COMPLAINT
3:08-CV-01966-SC

- 14 -

**FIFTH AFFIRMATIVE DEFENSE**
**(Causes of Action Not Ripe)**

Some or all of Plaintiff's causes of action are not ripe for or subject to judicial review.

**SIXTH AFFIRMATIVE DEFENSE**
**(Lack of Subject Matter Jurisdiction)**

Some or all of Plaintiff's causes of action fail for lack of subject matter jurisdiction.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Judicial Estoppel)**

Some or all of Plaintiff's causes of action are barred by the doctrine of judicial estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Mootness)**

Some or all of Plaintiff's causes of action are moot.

**NINTH AFFIRMATIVE DEFENSE**
**(Action of Third Parties)**

To the extent that any damage has been incurred, or that there has been any violation of law, it was caused solely by, or contributed to by, the fault of third parties for which the City is not responsible.

**TENTH AFFIRMATIVE DEFENSE**
**(Intervening and Supervening Causes)**

To the extent that any damage has been incurred, or a violation of law has occurred, it was the direct and proximate result of intervening and supervening causes over which the City had no control, and for which the City is not responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Conformed to Statute, Regulations, and Standards)**

All conduct and activities of the City alleged in the Complaint conformed to statutes, government regulations and standards based on the state of knowledge existing at the time.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO
99999\124015v6

ANSWER TO COMPLAINT
3:08-CV-01966-SC

- 15 -

**TWELFTH AFFIRMATIVE DEFENSE**
**(Domestic Sewage Exclusion, 42 U.S.C. § 6903(27))**

The conduct and activities alleges in the Complaint do not violate RCRA because such conduct and activities fall within the "domestic sewage" exclusion contained in, among other places, 42 U.S.C. § 6903(27).

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Attorneys' Fees)**

Plaintiff is not entitled to attorneys' fees, and an award of attorneys' fees to Plaintiff are not appropriate because, prior to the Complaint, the City had already initiated discussions with the EPA regarding the City's compliance with the CWA, in response to the EPA Order and, in light of the EPA Order and the City's ongoing discussions with the EPA, the Complaint and allegations therein are superfluous, duplicative, unnecessary, wasteful of the parties' and the court's resources, and will not obtain relief or compliance with the CWA beyond that which will be obtained by the City's compliance with the EPA Order.  Given the improvident nature of the Complaint, the City is entitled to recover its costs for defending this action.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Bypass and Upset)**

Some or all of Plaintiff's causes of action are barred, in whole or in part, by upset and/or bypass as stated, among other places, in 40 C.F.R. §§ 403.16 and 403.17.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Join Indispensable Parties)**

Some or all of Plaintiff's causes of action are barred, in whole or in part, because Plaintiff has failed to join some or all necessary parties to this action.

The City reserves the right to assert additional affirmative defenses as additional evidence becomes available.

## X. REQUEST FOR RELIEF

Accordingly, the City affirmatively requests that the Court:

1.     ORDER River Watch's Complaint dismissed with prejudice;

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
SAN FRANCISCO

99999\124015v6

- 16 -

ANSWER TO COMPLAINT
3:08-CV-01966-SC

2. ORDER that River Watch's Complaint is superfluous, duplicative, unnecessary and wasteful of the parties' and the court's resources and that River Watch is not entitled to recover any attorneys' fees;

3. ORDER River Watch to pay the City's reasonable attorneys' fees and costs according to proof, as provided by 33 U.S.C. §1365(d), 42 U.S.C. §6972(e), applicable California law, and as may be allowable by law;

4. ORDER such other and further relief in favor of the City as the Court deems just and proper.

DATED:  July 30, 2008                    COX, CASTLE & NICHOLSON LLP


By: /s/ Stuart Block
    Stuart I. Block
    Attorney for Defendant City of Sausalito

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

99999\124015v6

ANSWER TO COMPLAINT
3:08-CV-01966-SC

- 17 -